IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TEMPLE BUILDING SYSTEMS, INC. d/b/a TEMPLE & ASSOCIATES, <br><br> Plaintiff, <br><br> v. <br><br> TRACI COX, <br><br> Defendant. | **JURY TRIAL DEMANDED** <br><br> CIVIL ACTION NO. <br><br> _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

TEMPLE BUILDING SYSTEMS, INC. d/b/a TEMPLE & ASSOCIATES (hereinafter collectively referred to as "Plaintiff"), complains of TRACI COX (hereinafter referred to as "Defendant"), and says:

**I.**

**NATURE OF THE ACTION**

1.  This is an action for declaratory relief seeking a declaration of the rights and other legal relations between Plaintiff and Defendant.

2. Plaintiff is a citizen of the State of Texas and Illinois. Plaintiff has its principal place of business in Collin County, Texas.

3. Plaintiff does business in Texas and other states in the United States.

4. Defendant is a citizen of the State of Arizona and resides in Mesa, Arizona.

5. At this time, Defendant is an employee of Plaintiff who has voluntarily resigned her employment relationship with Plaintiff effective March 31, 2022.

6. Defendant contends, *inter alia,* that Defendant has a written "Employment Agreement" with Plaintiff. Plaintiff denies Defendant's contention and contends, *inter alia,* that no "Employment Agreement" between Plaintiff and Defendant exists.

7. Defendant contends, *inter alia,* that Defendant is entitled to bonuses in excess of $75,000 pursuant to the "Employment Agreement" with Plaintiff. Plaintiff denies these contentions.

## II.

## THE PARTIES

### a. Plaintiff

8. Plaintiff is a citizen of the State of Texas and Illinois and has its principal place of business in Collin County, Texas. The ownership of Plaintiff is privately held.

### b.

### Defendant

9. Defendant is a resident and citizen of the State of Arizona. Defendant resides at 10216 E. Posada Avenue, Mesa, AZ 85212 and maybe served with a Summons at that location.

10. Defendant does business with Plaintiff in Collin County, Texas.

11. Plaintiff requests that a Summons be issued and served on Defendant at Defendant's address at 10216 E. Posada Avenue, Mesa, AZ 85212 and that Defendant be compelled to answer Plaintiff's complaints contained herein.

### III.

### JURISDICTION AND VENUE

### a.   Jurisdiction

12. Jurisdiction is based upon 28 U.S.C. §1332. This action is a matter in controversy between citizens of different states. Plaintiff is a citizen of the State of Texas and Illinois. Defendant is a citizen of the State of Arizona. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. This action is brought pursuant to 28 U.S.C.A. §2201, *et. seq.* seeking a declaration of the rights and other relations of Plaintiff and Defendant and seeking a declaration, and other relief which is or could be sought.

14. This Court has supplemental jurisdiction over Plaintiff's claims under Texas law under 28 U.S.C. §1367.

### b. Venue

15. Venue is proper in this district and division under 28 U.S.C. §1391 based on Plaintiff regularly transacting business within the United States District Court for the Eastern District of Texas, Sherman Division.

16. Venue is proper in this district and division under 28 U.S.C. §1391 because Defendant conducts business in the jurisdiction of the United States District Court for the Eastern District of Texas Sherman Division with Plaintiff.

17. Venue is proper in this district and division under 28 U.S.C. §1391 because Defendant is subject to the court's personal jurisdiction with respect to the civil action in question and Defendant has sufficient contacts in the United States District Court for the Eastern District of Texas, Sherman Division to be considered a resident in this district and division under federal law.

18. Venue is proper in this district and division under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the United States District Court for the Eastern District of Texas, Sherman Division.

19. Defendant is subject to personal jurisdiction within this district and division.

20. Defendant regularly transacts business in the United States District Court for the Eastern District of Texas Sherman Division.

21. Defendant has engaged, and continues to engage, in the transaction of business in interstate commerce within the jurisdiction and venue of this Court.

22. This Court is a court of law and equity.

## IV.

## STATEMENT OF FACTS

23. Plaintiff has its principal place of business in Frisco, Texas and is a resident and citizen of Collin County, Texas.

24. Plaintiff is in the business of providing technical support services to its customers and clients.

25. Plaintiff employed Defendant as an at will employee to assist Plaintiff in providing technical support services to Plaintiff's customers and clients.

26. Defendant has failed and refused, and continues to fail and refuse, to follow directives given to Defendant by Plaintiff regarding services to be provided by Defendant to Plaintiff's customers and clients and has engaged in unsatisfactory work.

27. Defendant has failed and refused, and continues to fail and refuse, to provide satisfactory service and work for Plaintiff.

28. Plaintiff has given Defendant notice of Defendant's failure to provide adequate and satisfactory service and work for Plaintiff and Plaintiff's customers and clients, and Plaintiff has requested that Defendant take corrective measures.

29. Plaintiff has given Defendant notice of Plaintiff's dissatisfaction with the work performance of Defendant.

30. Defendant has not taken corrective measures to correct Defendant's deficient and unsatisfactory work for Plaintiff despite repeated requests that Defendant do so.

31. As a result of Defendant's failure to take corrective action as requested by Plaintiff and Defendant's failure to provide satisfactory services and work for Plaintiff and Plaintiff's customers and clients, in February 2022 Plaintiff was forced to place Defendant on administrative leave pending an evaluation of Defendant's actions and omissions, and Defendant's failure to provide satisfactory work and services to Plaintiff and Plaintiff's customers and clients.

32. As of March 3, 2022, Defendant is on paid administrative leave with Plaintiff and is receiving full employment benefits. Defendant has been relieved of any responsibilities to assist or provide service to Plaintiff's customers and clients.

33. After learning of Plaintiff's dissatisfaction with Defendant's work, Defendant began making false allegations and contentions regarding the existence

of an alleged "Employment Agreement" allegedly existing between Plaintiff and Defendant.

34. Plaintiff provided Defendant with written notice that no "Employment Agreement" existed between Plaintiff and Defendant but despite receipt of such written notice from Plaintiff, Defendant continued, and continues today, to falsely contend that an "Employment Agreement" between Plaintiff and Defendant exists. It does not.

35. A dispute has arisen between Plaintiff and Defendant regarding Defendant's contention that an "Employment Agreement" exists between Plaintiff and Defendant.

36. Defendant has contended in writing delivered to Plaintiff in Collin County, Texas, and continues to contend in writing delivered to Plaintiff in Collin County, Texas, that a written "Employment Agreement" exists between Plaintiff and Defendant, and Defendant has made demands delivered to Plaintiff in Collin County, Texas for recovery of money from Plaintiff allegedly on the basis of the existence of an alleged "Employment Agreement". Plaintiff denies these contentions.

37. On February 28, 2022, Defendant made demand delivered to Plaintiff in Collin County, Texas for recovery of monetary amounts from Plaintiff in excess of $75,000 for alleged "bonuses" alleged by Defendant to be owed by Plaintiff to

Defendant allegedly on the basis of the existence of an "Employment Agreement" between Plaintiff and Defendant.

38. Plaintiff has denied, and continues to deny, Defendant's contentions regarding the existence of an alleged "Employment Agreement" between Plaintiff and Defendant.

39. Plaintiff denies the existence of an alleged "Employment Agreement" between Plaintiff and Defendant.

40. Plaintiff denies that a written "Employment Agreement" ever existed, or exists today, between Plaintiff and Defendant and denies that there is any agreement, contract or understanding between Plaintiff and Defendant regarding Defendant's employment with Plaintiff.

41. Plaintiff denies the existence today or at any time of any agreement, contract or understanding to pay Defendant bonuses or other sums of money or amounts above and beyond Defendant's base salary.

42. Plaintiff contends that Defendant is an at will employee and subject to termination with or without cause. Defendant denies this contention of Plaintiff.

43. On February 28, 2022, Defendant gave Plaintiff written notice delivered to Plaintiff in Collin County, Texas of Defendant's resignation of Defendant's employment with Plaintiff effective March 31, 2022.

44. On March 2, 2022, Plaintiff accepted Defendant's resignation of Defendant's employment with Plaintiff effective March 31, 2022 and continued to keep Plaintiff on administrative leave with pay and full benefits until March 31, 2022.

45. Despite Defendant's resignation of Defendant's employment with Plaintiff effective March 31, 2022, Defendant contends, and continues to contend, (1) the existence of an alleged "Employment Agreement" between Plaintiff and Defendant; and, (2) Defendant contends, and continues to contend, that Defendant is entitled "bonuses" pursuant to the alleged "Employment Agreement" in excess of $75,000. Plaintiff denies these contentions of Defendant.

46. A dispute exists regarding the rights and other legal relations of Plaintiff and Defendant regarding (1) the existence of an "Employment Agreement" between Plaintiff and Defendant, and, (2) Defendant's entitlement to any bonuses and other sums of money on the basis of the alleged "Employment Agreement" between Plaintiff and Defendant, or for any other reason.

## V.

## CONDITIONS PRECEDENT

47. All conditions precedent to the filing of this cause of action have been satisfied.

48.

## VI.

## COUNT 1

## DECLARATORY JUDGMENT

49. Plaintiff fully incorporates the allegations in paragraphs I. through V. of this Complaint.

50. Plaintiff and Defendant have a dispute regarding their rights and other legal relations.

51. Plaintiff seeks a declaration and Declaratory Judgment pursuant to 28 U.S.C.A. § 2201, *et. seq.* that (1) no "Employment Agreement" exists between Plaintiff and Defendant; (2) no agreement, understanding or contract exists between Plaintiff and Defendant; (3) that Defendant is not entitled to recover from Plaintiff any bonuses, benefits or other sums of money or consideration on the basis of an "Employment Agreement" or any other agreement, understanding or contract; (4) that Defendant is not entitled to recover any money or amount or other consideration from Plaintiff arising out of any employment relationship between Plaintiff and Defendant; and, (5) further relief that is or could be sought regarding the relationship between Plaintiff and Defendant.

## VII.

## ATTORNEYS FEES REQUESTED

52. Plaintiff fully incorporates the averments in paragraphs I. and VI. of this Complaint.

53. Plaintiff seeks the recovery of Plaintiff's reasonable and necessary attorney's fees incurred to enforce its legal rights against Defendant in this case, in the United States District Court, in the United States Court of Appeals, if necessary, and in the Supreme Court of the United States, if necessary.

## VIII.

## POST- JUDGMENT INTEREST

54. Plaintiff fully incorporates the averments in paragraphs I. and VII. of this Complaint.

55. Plaintiff seeks the recovery of post-judgment interest to the full extent that such interest is recoverable pursuant to law.

## XVI.

## JURY TRIAL

56. Plaintiff demands a jury on all issues triable to a jury

## XVII.

## PRAYER

57. For these reasons, Plaintiff pray that Defendant be cited to appear and answer, and that Plaintiff be awarded a Declaratory Judgment against Defendant, jointly and severally, for the following:

      a.    A judgment declaring that (1) no "Employment Agreement" exists between Plaintiff and Defendant; (2) no agreement, understanding or contract exists between Plaintiff and Defendant; (3) that Defendant is not entitled to recover from Plaintiff any bonuses, benefits or other sums of money or consideration on the basis of an "Employment Agreement" or any other agreement, understanding or contract; (4) that Defendant is not entitled to recover any money or amount or other consideration from Plaintiff arising out of any employment relationship between Plaintiff and Defendant; and, (5) further relief that is or could be sought regarding the relationship between Plaintiff and Defendant;

      b.    Attorney's fees;

      c.    Post judgment interest to the full extent of liable by law;

      d.    Cost of court and other litigation expenses; and,

      e.    Such other, and further, relief, both general and special, whether at law or in equity, to which Plaintiff may be justly entitled to receive.

                    Respectfully submitted,

                    <u>By: /s/ Charles Bundren</u>

                    **BUNDREN LAW GROUP, PLLC**
                    Wm. Charles Bundren, Esq.
                    Lead Attorney and Attorney-in Charge
                    State Bar No. 03343200

      2591 Dallas Parkway, Suite 300  
      Frisco, Texas 75034  
      (214) 808-3555     Telephone  
      (972) 624-5340     Facsimile  
      e-mail:     charles@bundrenlaw.net  
      **ATTORNEY FOR PLAINTIFF:**  
      **TEMPLE BUILDING SYSTEMS, INC.**